## RUDOLPH GOTTLIEB ET AL.

### V.

## CHARLES L. MILLER ET AL.

*Insolvency—Preferences.*

1.   Directors of an insolvent corporation, so utterly insolvent as to have abandoned all effort to continue business, can give preferences to creditors of the corporation having knowledge of its condition.

2.   The distinction between a corporation so insolvent as to have stopped business, giving preferences, and one which, by giving a preference, incapacitates itself for further business, has little to recommend it.   But the fact that the preference stops the business, does not avoid it.

[Opinion filed January 27, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. QUIGG & BENTLEY, for Land Owners Building Company, appellant.

Mr. G. W. KRETZINGER, for Thomas Parker, Jr., Receiver, appellant.

Messrs. MORAN, KRAUS & MAYER, for American Oak Leather Company, William H. Johnson, for use of Rudolph Gottlieb, Frederick Oberndorf, et al., appellants.

Messrs. PENCE & CARPENTER, for executors of Leopold Miller, appellees.

Messrs. DUNCAN & GILBERT, for Ignatz Deimel, appellee.

MR. JUSTICE GARY.   The facts in this case are very com-

plicated; to state them at large would occupy a great deal of space, and we have no reason to fear that our decision will be final.

The whole argument of the appellants is based upon the proposition that the directors of an insolvent corporation, so utterly insolvent as to have abandoned all effort to continue business, can not give preferences to creditors of the corporation having knowledge of its condition.

We concede that the facts are with the appellants; that much authority in other States is with them; but that the law of this State is with them, we think, can not be conceded.

While it can hardly be said that the proposition of the appellants had, so far as appears, ever been presented before the courts of this State in the concrete form in which it now comes before us, yet there have been cases wrongly decided, or at least the language used in deciding them was wrong, if the law be as appellants claim.

In Glover v. Wells, 40 Ill. App. 350, it is said that a corporation has the power to make preferences, "even if insolvent, and for the express purpose of preferring  *  *  * a creditor."

In the same case, under the name of Glover v. Lee, 140 Ill. 102, the Supreme Court said the "company had the right to secure one creditor in preference to another."

It is true that these cases, like Beach v. Miller, 130 Ill. 162, were at law, but that circumstance has not prevented the equitable doctrine of the latter case being considered authoritative.

The distinction between a corporation so insolvent as to have stopped business, giving preferences, and one which, by giving a preference, incapacitates itself for further business, has little to recommend it. But the fact that the preference stops the business does not avoid it. Reichwald v. Commercial Hotel Co., 106 Ill. 439.

A special objection to $6,000 of the Miller judgment would deserve consideration if the appellants urged it; but the manner in which they treat it leads to the conclusion

that they do not desire a decision based upon that objection only.

The appellants present the case as though nothing short of relief based upon the truth of their proposition would be desirable, and therefore without considering anything but that proposition, we affirm the decree.

*Decree affirmed.*