A. D. Juillard et al. v. James H. Walker et al., L. A.
Carton v. James H. Walker et al., Thomas
H. Smith, Trustee, v. Chicago Title
and Trust Company, Receiver
of James H. Walker Co.

1.  INSOLVENT CORPORATIONS—*Preferences Not Void.*—Although a corporation, insolvent, and in concert with its creditors, determines upon winding up its affairs through a receiver, no preference to creditors is void or voidable, because of such conditions.

2.  ASSIGNMENTS—*By the Treasurer of Insolvent Corporation.*—The treasurer of a corporation has, by virtue of his office, no power to assign the accounts of the corporation, but when the board of directors have attempted to authorize him to do so, if, looking at all the circumstances, the conclusion is irresistible that the board of directors intended to confer such power upon him, and if the language used may be, it should be, read as they intended.

3.  SAME—*Acceptance Presumed.*—Where the accounts of an insolvent corporation have been assigned for the benefit of creditors, the approval of the assignment by the depositors, is immaterial. The assignment is for their benefit, and their assent will be presumed unless the contrary appears.

4.  RECEIVERS—*Do Not Succeed to the Volition of the Insolvent.*—While a receiver comes in subject to all burdens, it has never been contended that he succeeds to the exercise of the volition of any party.

**Memorandum.**—Petition to have assignment declared void. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed May 28, 1894.

The opinion states the case.

HAMLINE, SCOTT & LORD, attorneys for appellant.

WILLIAM C. NIBLACK, attorney for the receiver.

SWIFT, CAMPBELL, JONES & MARTIN, attorneys for L. A. Carton.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

James H. Walker Co. was a corporation engaged in the " dry goods business." It was insolvent, and owed many of

its employes and customers for money left with the corporation on deposit. There was a great deal of talk for three or four days among the persons conducting the business of the corporation about securing these depositors.

August 3, 1893, a meeting of the board of depositors was held, at which was adopted a resolution as follows :

" Whereas, efforts are being made in New York and elsewhere, to raise money to help this company out of its existing difficulties; and

Whereas, certain of the creditors are becoming importunate and pressing in their demands for payment.

Now, therefore, be it resolved, that pending the arrival of the expected assistance from New York, the treasurer of the company be, and he is hereby authorized to indorse over and assign any drafts, bills and accounts receivable of the company which may be in his hands, in payment of or security for any claim against or debts of this company; and he is also hereby authorized to assign and transfer any accounts due the company, in the same manner to such creditors, or to such other persons as they may designate, for their protection."

From all the evidence it is clear that the only " creditors " thought of in passing that resolution were the depositors, and it is also clear that it was perfectly well known to all parties, that the treasurer, neither by his office, nor as an individual, had " in his hands " or personal custody " any drafts, bills or accounts receivable of the company."

The meeting of the creditors began at 3:30 p. m., and the same evening the treasurer told the appellant—who was an employe—to make out a list of the deposits and select enough accounts to secure them. The next morning two lists of accounts were prepared, under each of which was written : " For value received we hereby assign, transfer and set over all our rights, title and interest in the above accounts to T. H. Smith, trustee.

JAMES H. WALKER CO.,<br>By W. A. MASON, Treas.

CHICAGO, August 4, 1893.

I hereby accept the within accounts as trustee for the following named parties.

T. H. SMITH.

CHICAGO, August 4, 1893."

And following the name of Smith was a list of depositors not employes, on one list, and of depositors employes, on the other.

The amount of each account, and of each deposit, was carried out on the lists.

Without going into detail it suffices to say that immediately the debtors on the assigned accounts were notified, and on the ledger of the corporation was entered on each account " assigned to Thomas H. Smith, trustee."

Later the same day, under a creditor's bill against the corporation and others, the appellee was appointed receiver, and the money paid on the assigned accounts is in its hands, but kept separately, awaiting distribution by the court.

The appellant filed a petition that it be paid over to him, which petition the Circuit Court denied, and this appeal is prosecuted to reverse that decision.

Although the corporation was insolvent, and in concert with creditors, had determined upon winding up through a receiver, no preference to creditors is void or voidable because of such condition. Gottlieb v. Miller, 47 Ill. App. 588; Peterson v. Brabrook Tailoring Co., Chicago Legal News, May 12, 1894.

That the treasurer had, by virtue of his office, simply no power to assign the accounts may be conceded, but looking at all the circumstances, the conclusion is irresistible that the board of directors intended to confer the power, and if the language used may be, it should be, read as they intended. The words " in his hands " were used, not to express any definite idea, but as a mere euphuism, rounding out the phraseology of the resolution.

That the evidence fails expressly to show knowledge and approval of the assignments by the depositors, is immaterial. They were for their benefit, and their assent will be presumed unless the contrary appears. Burrill, Assignments, 409.

What power of revocation might remain with the corporation in the absence of all evidence of their assent, it is unnecessary to consider, as no revocation has been attempted.

While a receiver comes in subject to all burdens, it has never been contended that he succeeds to the exercise of the volition of any party. The assignments having been made for a valuable consideration, to satisfy meritorious demands, having in common understanding, peculiar claim to favor, there is no impediment in the law which prevents the intention of the corporation being executed.

The decree dismissing the petition of the appellant is reversed and the cause remanded with directions to the Circuit Court to grant the prayer of that petition.

We have refrained from considering whether the doctrine of Farwell v. Cohen, 138 Ill. 216, can be made to cut any figure here.