# The Henry Dibblee Company v. Thomas H. Watson and Charles H. Matthews, Copartners as Watson, Little & Co.

1. CORPORATIONS—*Right to Prefer One Creditor Over Another.*—A corporation may prefer one creditor over another in the payment of its honest debts, and no inference of fraud can be drawn from the mere fact that such a preference has been given by the execution of judgment notes.

2. SAME—*Giving Judgment Notes to Directors—Constructive Fraud.* —The act of an insolvent corporation giving a preference to one of its directors, by the execution and delivery to him of a judgment note for a debt due to him, is not an actual but merely a constructive fraud, the remedy against which exists only in equity. It does not subject the corporation to a seizure of its property by an individual creditor under an attachment at law.

**Assumpsit,** for goods sold, etc. Attachment in aid. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

*Plaintiff's seventh instruction:*
The jury are instructed that if they believe from the evidence that on the 10th day of October, 1893, the defendant company was insolvent, and that the defendant on or about that day executed its judgment note or notes to Silas A. Barton, and that at that time said Silas A. Barton was a director of the said defendant company, and that thereafter and on or about the 13th day of December, 1893, judgment was confessed upon said judgment note in favor of said Silas A. Barton, and execution issued thereon, placed in the hands of the sheriff and by said sheriff levied upon the property of the defendant company, and that at said time said defendant company was insolvent, then the jury are instructed that they shall find the issues upon the attachment affidavit for plaintiffs.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellant, contended that an attachment will not lie, under the attachment, for a constructive fraud. Weare Commission Co. v. Druley, 156 Ill. 25; Shove v. Farwell, 9 Ill. App. 256; First Nat. Bank v. Kurtz, 22 Ill. App. 213; Dempsey v. Bowen, 25 Ill. App. 192; Rhode v. Matthai, 35 Ill. App. 147; Spencer v. Deagle, 34 Mo. 455.

The Henry Dibblee Co. v. Watson.

A corporation, while insolvent, may convey its property to a creditor in payment of an honest debt, in the same manner as an individual. Morawetz on Corporations, Sec. 802; Reichwald v. Commercial Hotel Co., 106 Ill. 451; Covert v. Richards, 38 Mich. 363; Coats v. Downell, 94 N. Y. 168; Warner v. Mowe, 11 Vt. 390; Whitewell v. Warner, 20 Vt. 425; Catlin v. Eagle Bank, 6 Conn. 233.

A preference given to one of its directors by an insolvent corporation is only constructively fraudulent. It is a breach of trust for which the remedy lies only in equity. Morawetz on Corporations, Sec. 787; Beach v. Miller, 130 Ill. 174; Richards v. Ins. Co., 43 N. H. 263; Rawley v. Farwell, 1 Holmes (U. S.) 433; Smith v. Lansing, 22 N. Y. 521.

BANGS, WOOD & BANGS, attorneys for appellees, contended that insolvency, as applied to a person, firm or corporation engaged in trade, is inability to pay debts as they fall due. Atwater v. Am. Ex. Bank, 152 Ill. 605.

A judgment entered by confession upon a judgment note given by an insolvent corporation to one or more of its directors is fraudulent and void. Roseboom v. Whittaker, 132 Ill. 81.

A stockholder contracting with the corporation is held to a larger measure of candor and good faith than a stranger, and any judgment entered against the corporation upon its judgment note, in favor of any of its stockholders, to be valid and binding as against other corporation creditors, must be entered, free from any well grounded suspicion of any complicity with the directors or other officers of the corporation or with any other corporate creditors, thus to gain any unlawful advantage over other creditors. Atwater v. American Ex. Bank, 152 Ill. 605.

Corporate creditors may sue at law and establish liens by execution or attachment upon corporate property at any time before a court of equity has acquired jurisdiction, notwithstanding the corporation is insolvent. Roseboom v. Whittaker, 132 Ill. 81; Atwater v. American Ex. Bank, 152 Ill. 605.

The entry of a judgment by confession upon a corporate judgment note, as a cover to protect the corporate property from other corporate creditors, or to put it into the hands of creditors who have no right to appropriate it to their own debts, or with the intent to hinder and delay any of its creditors, courts will, and should, deal with as they would with any other fraudulent contrivance. Atwater v. American Ex. Bank, 152 Ill. 605.

Where judgments are confessed and executions levied for such an amount that subsequent judgment creditors find nothing to levy on, a combination between the parties having been proved, fraud will be established. Such judgments are regarded as being confessed for the purpose of hindering, delaying or defrauding other creditors and are void under the statute of frauds. Atwater v. Am. Ex. Bank, 152 Ill. 615.

A judgment by confession may be founded upon an honest debt, and yet it may be obtained under such circumstances and used for such purposes as to make it a fraud. Atwater v. American Ex. Bank, 152 Ill. 616.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit with attachment in aid brought in the court below by appellees against appellant to recover for coal delivered by appellees to appellant from October 2d to December 12th, in the year 1893.

The grounds of the attachment, as set forth in appellee's affidavit, were that the defendant had, within two years last past, conveyed or assigned its effects, or a part thereof, so as to hinder and delay its creditors, and had, within two years last past, fraudulently concealed or disposed of its property so as to hinder and delay its creditors, and is about, fraudulently, to conceal, assign or otherwise dispose of its property so as to hinder or delay its creditors.

Issues by plea traversing the allegations of the affidavit, and of general issue in assumpsit were made and tried by a jury, and found for appellees; the jury returned a

verdict for $320.94, and judgment was entered in appellees' favor upon the finding. This appeal is from that judgment.

The appellant especially insists that there was no proof whatever of any actual fraud. That the utmost that was attempted to be shown was constructive fraud, which consisted in preferring a director of the appellant corporation after it had become insolvent to the extent of an already existing debt, and that such preference amounts only to a breach of trust for which a remedy does not exist at law, but only in equity.

It appears from the evidence that the appellant corporation was in fact insolvent on October 10, 1893, and had been in that condition for a considerable time prior thereto.

Its board of directors at that date consisted of B. F. Sunny, George Martin, G. H. Atkins and S. A. Barton. It had no president, but B. F. Sunny was its vice-president. George Martin, one of the directors, was its bookkeeper.

Of the payees of the judgment notes on that day executed, the Messrs. Sprague and Bartlett were among appellant's stockholders, S. A. Barton was one of its directors, and Mrs. B. McDowell, a sister of W. K. McClintock, its secretary and treasurer, and the Northwestern National Bank was its banker.

On said October 10, 1893, the following resolution was adopted at a meeting of appellant's board of directors, at which meeting directors Sunny, Martin and Atkins, only, were present:

" Whereas, this company is justly indebted to Mrs. B. McDowell in the sum of $1,000, and A. S. Barton in the sum of $7,223.43, and has also long been indebted to Messrs. A. C. Bartlett, O. S. A. Sprague, A. A. Sprague and C. H. Morse, jointly in the sum of $10,778.95, for money loaned and long overdue, and is also indebted to the Northwestern National Bank of Chicago in the sum of $21,500, a portion of which is secured by Congress Hotel bonds and Chicago Athletic Club notes; and

Whereas, it is necessary that this company give said cred-

itors further assurance and security for said amounts, in order to procure said creditors to delay the enforcement of their claims for the immediate present, thereby preserving the credit of the company and giving it time to turn its assets, and continue in business; and

Whereas, judgment notes will be accepted by said creditors as such further assurance and security;

Therefore, be it, and it is hereby resolved, that the officers of this company be, and they are hereby authorized and directed to execute, sign, seal and deliver in the name of this company, and on its behalf, the judgment notes of this company to said creditors, payable one day after date of said notes. The said notes to be for the above named respective amounts, except in the case of said bank, the note to said bank to be for the difference between the whole amount owing to it, and the reasonable value of securities held by said bank."

In pursuance of such resolution judgment notes payable one day after date to the parties respectively named, and for the several amounts specified, were, on the same day, executed by the appellant, and were delivered to the attorney of the appellant, who appears also to have then been, or thereafter to have become, the attorney of some, if not all, of the payees.

Afterward, and on December 13, 1893, judgments were confessed on said judgment notes, and on the same day executions were issued thereon and levied upon all the property of the appellant in the forenoon of the same day. The writ of attachment in this case, at the suit of appellees, was levied upon the same property a few hours later and in the afternoon of the same day.

On the day thereafter, December 14th, a special meeting of the board of directors of appellant was held, Sunny and Martin being the only directors present, at which a resolution was adopted as follows :

" Be it, and it is hereby resolved, that owing to levies by the sheriff upon the property of this company, and the difficulties of its situation, this company does forthwith cease doing business."

All of the acts in the premises done by the appellant appear to have been done voluntarily, and the appellee predicates upon that fact and the unanimity and harmoniousness of conduct between the payees of the several notes after their execution, that there was a secret and fraudulent purpose to benefit those particular creditors at the expense of all other creditors.

It must now be considered as settled in this State that a corporation may prefer one creditor over another in the payment of its honest debts. Reichwald v. Commercial Hotel Co., 106 Ill. 493. Therefore, from the mere fact of a preference having been made by the appellant by the giving of judgment notes in favor of certain of its good faith creditors, no inference of fraud can be drawn.

It is only upon the ground that one of the judgment notes was given to Barton, a director of the appellant, at a time when the corporation was insolvent, that the charge of fraud upon other creditors can be predicated.

But it seems to be settled that in such a case the fraud perpetrated is described, not as actual fraud, but only such a fraud as a court of equity will impose upon the transaction because of the trust relation of the director with reference to the corporate property, as to creditors of the corporation. Beach v. Miller, 130 Ill. 162; Roseboom v. Whittiker, 132 Ill. 81; Atwater v. Am. Ex. Bk., 152 Ill. 513; Illinois Steel Co. v. O'Donnell, 156 Ill. 624. See, also, Juillard v. Walker, 54 Ill. App. 517.

In other words, whatever fraud upon other creditors of the appellant was committed by the giving of the preference by judgment note to Barton, the director, was not actual, but merely constructive fraud, the remedy against which exists only in equity, and did not subject the corporation to a seizure of all its property by an individual creditor under an attachment at law.

The giving, therefore, of the seventh instruction for the plaintiff, which omitted all question of actual fraud, or intention on the part of the company to hinder or delay its creditors, was clearly erroneous, and almost necessarily ex-

tremely prejudicial to the appellant, and we do not find that any other of the instructions given materially aided it.

The judgment will therefore be reversed and the cause remanded.