Archibald C. Wadsworth, Stephen R. Capps and Vincent S. Richardson, impleaded with Lloyd W. Brown et al., v. George W. Laurie.

1. ATTACHMENT—*For Constructive Fraud.*—The writ of attachment does not issue for mere constructive fraud as contradistinguished from fraud in fact.

2. FRAUD—*As the Foundation of a Suit in Attachment.*—Although a transaction may be regarded by a court of equity as constructively fraudulent, and therefore subject to be set aside at the instance of cred-

itors, yet unless there is a fraudulent purpose or design actuating the defendant, it is not within the statute of attachments.

3. INSTRUCTIONS—*To Find for the Defendant, When Proper.*—Where the evidence presents a case in which a verdict for the plaintiff would necessarily have to be set aside, it is proper to instruct the jury to find for the defendant.

**Attachment Proceedings.**—Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

MORRISON & WORTHINGTON and RICHARD YATES, attorneys for appellants.

In all actions at law by and against unincorporated associations, all members must be made parties to the same as in the case of ordinary partnership. 2 Lindley on Part. 1083.

Unless there are some special circumstances of this sort (creating a separate liability), "a contract which is binding upon the firm is binding upon all the partners jointly and upon none of them severally." Id., Vol. 1, p. 366.

Where there are several parties, if their contract be joint, they must all be made defendants, although they subsequently arrange among themselves that one only of them shall perform the contract. And a partner who retires from the firm is liable for the old debt, although the debt be carried by consent of the debtor to the account of the remaining partners and he takes their bill of exchange; there being no actual satisfaction or release of the responsibility of the retiring partner. 1 Chitty on Pleading, 42.

Joint contractors must all be sued, although one has become bankrupt and obtained his certificate; for if not sued the others may plead in abatement. Id. 42a; Pettis v. Atkins, 60 Ill. 458.

All parties who owned shares of stock of the Central Bank and received dividends thereon, became partners and joint contractors, although they did not sign the articles of association. Pettis v. Atkins, *supra*, 457; 2 Lind. on Part. 1083–4.

In such an association, as between retiring members and

creditors of the company, such retiring members remain liable for all existing debts, and they may be liable for subsequent debts to creditors who had knowledge of their membership, but had no notice of their withdrawal.   2 Lind. on Part., 1085, n.; Hayward v. Burke et al., 151 Ill. 131.

A dormant partner is he whose name and transactions as a partner are professionally concealed from the world. Collyer on Part., Sec. 4; 2 Bouvier, 291; 56 Am. Dec., 147 n.

A dormant partner is one whose name is not mentioned in the title of the firm, or embraced in some general term, as company, sons, etc.   Jones v. Fegely, 4 Phil. 1; Waite v. Dodge, 34 Vt. 181.

One who is a member of a partnership, trading upon the firm name of R. M. & Co., does not become a dormant partner by reason of the creditor being ignorant of the name of the copartner of R. M.   1 Lind on Part., 405 n, 2; Deford v. Reynolds, 36 Pa. St. 325.

Persons doing business under the name of " The Citizen's Bank " are not dormant partners and are required to give notice upon retiring from the firm to relieve themselves from liability.   1 Collyer on Part. (6th Ed.), 15.

So, also, a person is not to be deemed a dormant partner because his name does not appear in the firm and partnership style which they chose to adopt, but when the partners are indicated by the word company.   Goddard v. Pratt, 16 Pick. 428–9; Shamburg v. Ruggles, 83 Pa. St. 148.

Owen P. Thompson and John A. Bellatti, attorneys for George W. Laurie, appellee, contended that the principal error complained of is that of the court taking the evidence on the attachment issue from the jury, and by instruction directing them to find for the defendant on that issue; a considerable amount of evidence was introduced by the plaintiff on that issue, and it should have been left to the jury to pass upon the weight of it.

When a cause fairly depends on the effect or weight of the evidence, it is a cause for the jury, under proper instruc-

tions as to the law.   Chicago & N. W. R. R. Co. v. Snyder,
128 Ill. 655.

Where the evidence tends to prove the issue it should not
be excluded, although in the opinion of the court it may not
be sufficient to warrant a verdict.  Crowley v. Crowley, 80 Ill.
469;  Gas Light & Coke Co. v. Graham, 28 Ill. 73;  Kitzsinger
v. Sanborn, 70 Ill. 146.

What the evidence proves or tends to prove is a matter
for the jury.   Dickerson v. Sparks, 17 Ill. 178;  Stacy v.
Cobb, 36 Ill. 349;  Yundt v. Hartrunft, 41 Ill. 9;  Aurora v.
Pennington, 92 Ill. 564;  Peoria F. & M. Ins. Co. v. Anapow,
45 Ill. 86.

If there is no evidence before the jury, on a material issue,
in favor of the party holding the affirmative of that issue, on
which the jury could reasonably find in his favor, the court
may exclude the evidence, or direct the jury to find against
the party so holding the affirmative; but when there is such
evidence before the jury it must be left to them to deter-
mine its weight and effect.   It is not within the province
of the judge, on such a motion, to weigh the evidence and
ascertain where the preponderance is.   This function is
limited strictly to determining whether there is, or is not,
evidence legally tending to prove the fact affirmed—that is,
evidence from which, if credited, it may reasonably be in-
ferred, in legal contemplation, the fact affirmed exists,
laying entirely out of view the effect of all modifying or
countervailing evidence.   Frazer v. Howe et al., 106 Ill.
563;  Gordon v. Corbett et al., 87 Ill. 272.

The Circuit Court has no power to take the decision of
facts from the jury.   When there is evidence tending to
prove the issue, the evidence must be submitted to the con-
sideration of the jury.   C., B. & Q. R. R. Co. v. Sykes,
Adm., 96 Ill. 162.

We think that under the rules laid down in the follow-
ing authorities the evidence in this case was ample to sus-
tain the attachment.

A transfer is fraudulent as to creditors if it hinders or
delays creditors.   Harting v. Jockers et al., 136 Ill. 627;

Emerson v. Bemis, 69 Ill. 537; Davidson v. Burke, 143 Ill. 146.

When the facts and circumstances show the transfer to be fraudulent, the oath of the party that it was made in good faith is of little weight. Bell v. Devan, 96 Ill. 217; Phelps v. Curts, 80 Ill. 109.

A mortgage given to hinder and delay creditors, although it may also be given to secure a *bona fide* debt, is fraudulent as to creditors. Thorne v. Crawford, 17 Ill. App. 395.

When the object of the grantor, in making the conveyance, was to hinder or delay his creditors, such instrument is not purged of the fraud because the grantor may also have had some other purpose in view. Reed v. Noxon, 48 Ill. 323.

When a debtor heavily indebted makes a mortgage on the bulk of his property to one creditor, the security being in excess of the debt, and the effect will be to prevent other creditors from collecting their debts, an attachment on the ground of fraudulent conveyance will lie. Smith v. Boyer, (Neb.) 45 N. W. 265.

The placing of property in the hands of an assignee for any other purpose than to enable him to distribute to creditors, must hinder and delay creditors, and is fraudulent. The law gives the creditor the right to determine whether his debtor shall have further indulgence, or whether he will pursue his remedy for the collection of his debt. Van Nest v. Yoe et al., 1 Sand. Ch. 4; Kellogg v. Slawson, 15 Barb. 56; Gardner v. Commercial Bank, etc., 95 Ill. 298.

A debtor is only allowed to place his property beyond the reach of creditors, by making a general assignment of all his property, when he does so for the benefit of his creditors, by devoting it fairly to the payment of his debts, and not with a view to his own advantage. Nesbet v. Digby, 13 Ill. 387; Phelps v. Curts, 80 Ill. 113; Gardner v. Commercial Bank, etc., 95 Ill. 298.

Counsel for appellants contend that all persons who were at any time their partners must be made joint defendants with them.

At common law, if A, for a consideration, promised B to pay C a sum of money, C could not avail himself of A's promise by suit in his own name. But that rule has been changed in nearly every State in the Union. 16 Am. & Eng. Encyc. of Law, 885.

The rule established in this State that if A, for a consideration from B, assume to pay B's debt to C then, C, can if he chooses, maintain a suit against A for the debt so assumed. Dean, use of, v. Walker, 107 Ill. 540; Ray v. Williams, 112 Ill. 91.

Then again, secret or dormant partners need not be joined as defendants. Page et al. v. Brant, 18 Ill. 37; Goggin v. O'Donnell, 62 Ill. 66.

EDWARD P. KIRBY, attorney for said Lloyd W. Brown, contended that the attaching creditor must comply strictly with the requirements of the statute in all matters of form. The burden of proof rests upon him to establish clearly that condition of things which authorizes the exercise of this extraordinary remedy. Lawrence v. Yeatman et al., 2 Scam. 15; Vairin et al. v. Edmonson et al., 5 Gilm. 270; May v. Baker, 15 Ill. 89; Cariker v. Anderson, 27 Ill. 358; Haywood v. Collins, 60 Ill. 328.

Three things must be found to exist before any attachment writ can be held valid, viz.: First, a creditor to be defrauded. Second, a debtor intending to defraud. Third, a conveyance by which the property of the debtor is fraudulently put out of the reach of the ordinary process of law.

There was no evidence adduced to show that Lloyd W. Brown was intending to defraud any creditor by any of the conveyances or transactions shown in the evidence in this case. Such intent is a necessary element, except in cases of voluntary conveyance without consideration, where the party making the conveyance has no property left with which to pay his just debts. Shove v. Farwell, 9 Ill. App. 256.

The statute contemplates that this fraud shall be one of fact, as distinguished from a legal or constructive fraud. If a man has shown himself to be dishonest by making a

conveyance of his property, designing thereby to delay and hinder his creditor, and such effect is produced, then for the space of two years, the statute permits the creditor to treat him as one who may repeat his fraud, and authorizes its prevention by a seizure of his property upon mesne process, and hold it to answer any judgment that may be rendered in the action.   Shove v. Farwell, 9 Ill. App. 256; Spencer v. Deagle, 34 Mo. 455.

To make a debtor's transfer of property fraudulent as respects his creditors, there must be an intent to defraud, express or implied, and an act which, if allowed to stand, will actually defraud them by hindering, delaying or preventing the collection of their claims.   Baldwin, Adm'x, v. O'Laughlin et al., 28 Minn. 544; Dempsey v. Bowen, 25 Ill. App. 192.

A debtor, although in failing circumstances, but not seeking the benefit of the general assignment law, may in good faith prefer one creditor to another, though the claim of each creditor be equally meritorious.   Hesing v. McCloskey, 37 Ill. 341; Morris v. Tillson, 81 Ill. 607; Goembel v. Arnett, 100 Ill. 34; Shroeder v. Walsh, 120 Ill. 403.

And such preference will be upheld, although the ultimate effect of the preference be to delay other creditors. Francis v. Rankin, 84 Ill. 61; Hovey et al. v. Holcomb et al., 11 Ill. 660.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Since the opinion was filed in this case, our attention has been called to the brief of the said Laurie upon the point raised by his assignment of error.   As was stated in the opinion, he also appealed and had assigned error upon the judgment against him on the issue raised by the plea in abatement traversing the affidavit for a writ of attachment against the estate of Lloyd W. Brown, but as we found nothing in the brief on the point, we assumed it had been abandoned.

It appears that a separate brief had been filed, fully discussing that point, but from some accidental cause it did not

come to our notice. It is proper, therefore, that we should now consider it and express our views in regard thereto.

The affidavit for attachment alleged that Lloyd W. Brown, within two years prior to the date, had "fraudulently conveyed or assigned and disposed of his effects and property, or a part thereof, so as to hinder and delay his creditors." A plea was filed traversing the affidavit, and the issue was tried by jury. At the close of the testimony the court instructed the jury to find the issue for the defendant, which was done. It is urged that herein the court erred.

The evidence relied upon by the plaintiff to support the attachment was:

1st. That on the 8th day of May, 1893, the said Brown conveyed to W. E. Vietch, cashier of the Central Bank, 1,004 acres of land for the expressed consideration of $75,000, which was filed for record August 26, 1893, the day following the appointment of the receiver on the bill in chancery heretofore referred to.

2d. The filing of said bill, under and pursuant to which said receivers were so appointed and took possession of all the assets of said bank.

3d. A trust deed executed by said Brown to E. P. Kirby, September 13, 1893, covering some 1,500 acres of land, to secure sundry items of indebtedness to different persons, aggregating over $98,000.

4th. A mortgage by said Brown to Mrs. Adams, dated July 20, 1893, covering 800 acres of land, to secure an indebtedness of $60,000, and any additional sum that might afterward be loaned by the mortgagee to the mortgagor.

In disposing of the question here presented, it is important to ascertain in the first place what is the meaning of the statutory provision upon which the writ of attachment was based.

The Supreme Court have construed the statute in the case of Weare Commission Co. v. Duley, 156 Ill. 25. In substance, the ruling is that the writ may not issue for mere constructive fraud as contradistinguished from fraud in fact. In other words, though the transaction be such that a court

of equity might regard it as constructively fraudulent, and therefore subject to be set aside at the instance of creditors, yet unless there was a fraudulent purpose or design actuating the defendant, the case is not within the statute.

Applying the rule so announced to the facts in proof, we entertain no doubt that the plaintiff wholly failed to sustain the charge made in the affidavit, and that the court was perfectly justified in the instruction to find for defendant.

Regarding the first transaction—the deed of a valuable tract of land to Vietch, cashier of the bank—it appears the purpose was to strengthen the bank, and while the deed was absolute on its face, it was subject to a condition that the grantee should hold the land for the protection of the bank, the grantor to enjoy merely the use and occupancy, and that when the necessity for such protection should no longer exist, the lands were to be reconveyed to the grantor. Conceding, for the sake of argument, that equity would hold such a transaction as voidable at the instance of creditors, yet very clearly there was no dishonest purpose manifested thereby. On the contrary, the purpose was laudable, i. e., to secure and protect the creditors of the banking house of which the grantor was one of the members, and as a matter of fact, the lands so conveyed were appropriated by the receivers as a part of the bank assets, and the plaintiff will, as a creditor of the bank, receive his due share of the proceeds.

As to the filing of the bill to wind up the concern and as a preliminary step placing the assets in the hands of a receiver—we are unable to discover fraud either actual or constructive.

When it was ascertained that by reason of the existing conditions the bank could no longer be conducted with safety, it was the legal duty of those in control to suspend and take such course as would insure a fair distribution of the assets among the creditors. It would have been indictable to continue receiving deposits when the fact of insolvency was known. As a matter of prudence and in

justice to all concerned the first public announcement would be that receivers had been appointed. The honest object being to secure an equitable distribution of the assets it was entirely proper to place the entire estate in the custody of the law. The fact that the application for a receiver was made at an unusual hour, and that the order was made by a judge in vacation, can not be urged as proof of fraudulent purpose.

It was necessary to proceed with haste and on account of the absence of counsel the application was somewhat delayed. Nor is the defendant to be charged with a fraudulent purpose merely because as a matter of law it is not competent for a judge acting in vacation to appoint a receiver.

While knowledge of the law is to be inferred for certain purposes, yet this is a mere legal presumption. It is a maxim, that ignorance of the law does not excuse; but fraud is not to be inferred from or predicated upon an act, otherwise blameless, because done without legal authority. Here the defendant acted upon the advice of counsel and obtained an order from the judge of the Circuit Court which was supposed to be regular and was not very uncommon as a matter of practice. No doubt he acted in good faith and it would be a gross perversion of the law to make this act the basis for a writ of attachment on the ground of fraud.

Some stress is laid upon the alleged fact that the bank was kept closed on the 25th of August upon the mere pretext of the death of the mother of Mr. Vietch, the cashier, but in view of all the proof we regard the point as requiring no consideration.

As to the deed of trust and the mortgage there is nothing upon which the charge of fraud can rest. It does not appear that these conveyances were in bad faith or that the several debts they were given to secure were either colorable or misstated in any particular. Regarding the proof as a whole we are satisfied a verdict for the plaintiff would necessarily have been set aside. In such a state of case it is proper to instruct the jury to find for the defendant. C. & T. R. R. Co. v. Simmons, 110 Ill. 340. Affirmed.