## Moeller & Kolb, co-partners, Appellants, v. Van Loo Cigar Company, Appellee.

### Gen. No. 17,400.

1. ATTACHMENT—*fraudulent disposition of property.* The facts that a debtor executed and delivered a bill of sale of all its property to its largest creditor who agreed to cancel all the obligations it held against the debtor and pay all its outstanding obligations, and that the creditor took possession employing the president of the debtor to manage the business, will not support attachment.

2. ATTACHMENT—*sale without fraud not ground.* The mere sale or transfer by a debtor of part or all of his property does not warrant the issuance of a writ of attachment, though the sale or transfer results in a preference of some of his creditors and in hindering or delaying others in the collection of their claims where there is no element of intentional fraud.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed May 21, 1913.

JOHN FREDERICK HAAS, for appellants.

MARVIN E. BARNHART, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellants, Moeller & Kolb, co-partners, who were creditors of appellee, the Van Loo Cigar Company, a corporation, filed in the Municipal Court an affidavit for an attachment in which it is stated as the only ground for attachment that appellee "is about to remove its property from this state to the injury of the said Moeller & Kolb, co-partners; that it has within two years last past, fraudulently conveyed or assigned its effects, or a part thereof, so as to hinder and delay its creditors; that it has within two years last past fraudulently concealed or disposed of its property so as to hinder and delay its creditors; that it is about fraudulently to conceal, assign or otherwise dispose of its property or effects, so as to hinder and delay its creditors."

After a hearing on the facts before the court without a jury, the writ of attachment was quashed on the motion of appellee for the reason, as stated by counsel, for appellants and acquiesced in by counsel for appellee, that "the evidence adduced was insufficient to maintain the attachment." The correctness of this ruling is the only question presented for review. Concretely stated the question this court is asked to determine is whether the evidence presented on the trial was sufficient to warrant the judge trying the case in finding that appellee, when the writ of attachment was sued out, had within two years then last past fraudulently conveyed, assigned, concealed or disposed of its effects or property or a part thereof, so as to hinder and delay its creditor, or was then about to fraudulently conceal, assign or otherwise dispose of its property or effects, so as to hinder and delay its creditors. As we understand counsel's argument, it is conceded that unless it was sufficient to warrant such finding the judgment should be affirmed.

It is not claimed by appellant that the first cause set up in the affidavit for attachment, viz., that appellee was

about to remove its property from the state, is supported by the proof.

The material facts fairly established by the evidence and on which the court acted in quashing the writ of attachment are practically undisputed and are as follows:

Appellee was a corporation having a paid up capital of about $1,250. It was indebted to the Capital Leaf Tobacco Company in about $17,000, and to others in about $2,500 or $2,600, including about $1,200 to appellants. Its creditors were pressing it for the payment of its various obligations and it was not able to liquidate them. It, thereupon, executed and delivered to the Capital Leaf Tobacco Company, its largest creditor, a bill of sale of all its property and assets without reservation, and the Capital Leaf Company agreed to cancel all the obligations it held against the Van Loo Company and to pay all its outstanding obligations. This transaction took place without the knowledge of any of the other creditors of the Van Loo Company. There was no writing then executed evidencing the promise of the Capital Leaf Company to pay the debts of the other creditors, but some two months thereafter one was executed and dated back to the date of the execution of the bill of sale. There was nothing in the bill of sale to indicate any purpose on the part of either of the parties to it that the property conveyed was to remain in the possession of the Van Loo Company, but when the lawyer who had prepared the bill of sale handed it to A. Zurackov, the president of the Capital Leaf Co., he said to him, "You can go and take possession," to which Morris Newlander, the president of the Van Loo Company, who was then doing the business of that company, replied, "No, sir, I don't give possession before you fix up with the creditors," to which the lawyer replied, "It is all right; we will fix it up all right." It was also a part of the transaction that Morris Newlander should thereafter work on a salary for the Capital Leaf Com-

pany in the manufacture of cigars. The bill of sale was executed on Saturday, July 23rd. On the Monday following Newlander put his men to work manufacturing cigars from tobacco furnished by the Capital Leaf Company, and on Saturday the men were paid by that company. During the week 10,000 cigars were delivered to that company and 15,000 more were being prepared for delivery, when Mr. Moeller of Moeller & Kolb came in and demanded a settlement of his claim, was sent to the Capital Leaf Company for it, but did not get it. He then went back to Newlander and was told by him of the transaction and to protect himself. Upon being informed that the Capital Leaf Co. had refused to pay the claim of Moeller & Kolb, the Van Loo Company, at least temporarily, repudiated the bill of sale and refused to deliver to or allow the Capital Leaf Co. to take any more goods, but held the same until the same were taken under the attachment writ in question. Certain proceedings then followed, both in the state and federal courts, for which, so far as we can discover, appellee was in no way responsible, and that shed no light on the question of the *bona fides* of the transaction culminating in the bill of sale above referred to. The trial court on the facts before it found against appellants on the charge that the transaction related constituted a fraudulent sale entered into to hinder and delay the creditors of the Van Loo Company, and entered the order appealed from quashing the writ of attachment. We think the court was justified by the facts in the finding made. No complaint is made as to the form of the order entered. The transaction seems to be an attempt on the part of appellee to make a bona fide transfer of all its property to one creditor for the purpose of securing the payment in full of all its obligations, except the one held by the Capital Leaf Company, to whom the conveyance was made, and a compromise and satisfaction of its obligation to that company. If any one of the creditors was likely to lose or be hindered or delayed in the collec-

tion of their claims, it was the Capital Leaf Company, and that company is not complaining and could not be heard to complain, because what it did was done with eyes open.   If it made a hard bargain for itself, it was its own fault.

The mere sale or transfer by a debtor of part or all of his property will not warrant the issuance of a writ of attachment, even if that sale or transfer results in a preference of some of its creditors and in hindering or delaying some of the others in the collection of their claims.   There must be in the transaction the element of intentional fraud.   If that element is lacking, or in other words, if the transaction is in good faith, it will furnish no ground for attachment.   *Murry Nelson & Co. v. Leiter,* 190 Ill. 414; *Reichwald v. Commercial Hotel Co.,* 106 Ill. 439-451; *Henry Dibblee Co. v. Watson, Little & Co.,* 60 Ill. App. 432-437.   See also *Shove v. Farwell,* 9 Ill. App. 256; *Wadsworth v. Laurie,* 63 Ill. App. 507; *Weare Commission Co. v. Druley,* 156 Ill. 25.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*